# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1195V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEBORAH BOHM,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: March 2, 2016

Petitioner's Motion for a Decision Dismissing the Petition; Vaccine Act Entitlement; Denial Without Hearing.

*Diana S. Sedar*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICENT PROOF[1]

On October 14, 2015, Deborah Bohm filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that influenza vaccination that she received on or about November 1, 2012, caused her to suffer from Chronic

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

Inflammatory Demyelinating Polyneuropathy ("CIDP") and that her symptoms persisted for more than six months.

After some medical records relevant to Petitioner's case were filed (*see* ECF Nos. 9 and 10), Petitioner filed an unopposed motion on February 26, 2016, requesting a decision dismissing her claim (ECF No. 11). In it, Petitioner stated that "[a]n investigation of the facts and science supporting her case had demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 11.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that Petitioner experienced could have been caused or significantly aggravated by the vaccination that she received on November 1, 2012. And the filed medical records do not support Petitioner's claim.

Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master